UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY TYLER,

        Plaintiff,

v.                                    Case No: 2:13-cv-639-Ftm-29UAM

PAVESE (LT), FNU KOLLER, SGT.
MILLER, FNU COMSTOCK, FNU
EDGER, FNU LEAVANS and DOCTOR
ALMANZAR,

        Defendants.
_____/

**ORDER OF DISMISSAL**

This case is before the Court upon review of the file. After reviewing the procedural history of this case and Plaintiff's responses to the Court's orders to show cause, the Court concludes that Plaintiff's amended complaint should be dismissed without prejudice.

**I.   Background**

Plaintiff initiated this action on August 21, 2013 by filing a "555 or 550 motion for injunction against excessive punishment." (Doc. 1). The Court determined that Petitioner had intended to open a civil action, nature of suit 555 or 500, and ordered him to file an amended complaint by October 7, 2013 (Docs. 5, 10). Plaintiff did not file an amended complaint, and the Court ordered him to show cause why the case should not be dismissed for failure to prosecute (Doc. 11). Plaintiff sought, and was granted, an extension of time

in which to amend his complaint (Doc. 13). In the order granting Plaintiff an extension of time in which to amend his complaint, it was noted that Plaintiff had filed numerous cases in the Court subsequent to the order to amend; accordingly, the Court informed Plaintiff that no further extensions of time would be granted. Id.

Plaintiff again failed to amend his complaint in the time allotted to do so, and the Court entered another order to show cause why the case should not be dismissed for failure to prosecute (Doc. 14). Plaintiff filed an amended complaint on November 22, 2013 (Doc. 16). Section IV of Plaintiff's amended complaint form asked whether Plaintiff had initiated other lawsuits in federal court dealing with the same or similar facts or otherwise relating to the conditions of his confinement (Doc. 20). Upon review of the amended complaint, the Court noted that Plaintiff had sworn, under penalty of perjury, that the complaint was true and correct, but had failed to list any of the numerous federal lawsuits he has filed (Doc. 20). Accordingly, the Court entered a third order to show cause why the case should not be dismissed for abuse of the judicial process based upon his failure to reveal his prior litigation on his civil rights complaint form. Id.

In response to the third order to show cause, Plaintiff filed a "Fast Track Motion for Miscellaneous Relief" in which he did not attempt to explain the deficiencies in his amended complaint or explain why he had not truthfully completed the complaint form (Doc.

2

21). Rather, Plaintiff re-alleged many of the constitutional violations committed by the defendants in this action and attached "affidavits" in support of his motion (Docs. 21, 22, 23). Upon review of the affidavits, which appeared to be in Plaintiff's handwriting, the Court noted that an affidavit from Shannon O. Mitchell alleged unconstitutional conduct from the medical staff at the Lee County Jail in the month of November, 2013. However, a review of the jail's website revealed that Mr. Mitchell had not been in the custody of the jail on the dates of the alleged wrongdoing (Doc. 24). Accordingly, the Court issued a fourth order to show cause why the case should not be dismissed due to the perpetration of fraud upon the Court. Id. Plaintiff has not responded, and the time to do so has expired.

## Legal Analysis

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); see also Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that the district court was correct to conclude that to allow the plaintiff to then acknowledge what he should have disclosed earlier would serve

3

to overlook his abuse of the judicial process.); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939 (11th Cir. 2010) (same).

In Redmon, the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process. 414 F. App'x at 225. The court stated that "[u]nder 28 U.S.C. § 1915, [a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Id. (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). The Eleventh Circuit explained that a district court may impose sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure if a party knowingly files a pleading that contains false contentions, and although *pro se* pleadings are held to less stringent standards, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Id. (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Finding no abuse of discretion, the Eleventh Circuit noted that the plaintiff failed to disclose a prior lawsuit, but had been afforded an opportunity to show cause, just as in the present case, as to why his complaint should not be dismissed. The Eleventh Circuit affirmed the district court's decision in

4

"concluding that Plaintiff's explanation for his failure to disclose the [lawsuit]--that he misunderstood the form- did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." Id. at 226.

Even if Plaintiff did not maliciously intend to deceive the Court by filing inaccurate or false affidavits from other prisoners, the fact remains that, under penalty of perjury, Plaintiff provided dishonest information concerning his filing history. In 2013 alone, Plaintiff filed case numbers 2:13-cv-81; 2:13-cv-154; 2:13-cv-198, 2:13-cv-440. 2:13-cv-451; 2:13-cv-451; 2:13-cv-534, 2:13-cv-546, 2:13-cv-601, 2:13-cv-639, 2:13-cv-640, 2:13-cv-675, 2:13-cv-716, 2:13-cv-732, 2:13-cv-743, and 2:13-cv-776 in this Court. Each lawsuit dealt with the conditions of Plaintiff's confinement. With the exception of the instant case and 2:13-cv-675, all of Plaintiff's pleadings were dismissed for failure to state a claim or because Plaintiff was deemed a "three striker" under 28 U.S.C. § 1915(g). Plaintiff has also filed prior federal cases 5:98-cv-357, 5:98-cv-373, and 5:99-cv-151 which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff was provided an opportunity to explain the deficiencies, but has failed to do so.

"If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around

5

the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants." Johnson v. Crawson, Case No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010); see also Hood, 197 F. App'x at 819 (affirming district court's dismissal without prejudice of civil rights case based on the plaintiff's failure to list prior lawsuits because the question on the complaint form asking about prior lawsuits in federal court was not ambiguous). Given that Plaintiff has filed at least nineteen lawsuits in federal court, the Court concludes that Plaintiff's failure to reveal his litigation history is inexcusable.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice. The Court notes, however, that the dismissal without prejudice does not excuse Plaintiff from any applicable statute of litigation.

2. The Clerk is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   14th   day of January, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 1/14/14
Copies to: Timothy Tyler